## J. GORDON, Appellant, v. H. DICKINSON et al., Respondents.

### No. 4174; May 6, 1864.

**Evidence—Oral Testimony of Witness to Discredit His Affidavit.** Oral testimony of a man and woman to the effect that they are not husband and wife, given to avoid a sheriff's sale for the man's debt of property in the woman's name levied upon as community property, is not to be credited, as against their previous affidavits made in another matter that the marriage relation exists between them.

APPEAL from Fourth Judicial District, San Francisco County.

Sharps for appellant; Clement, Smyth & Clement for respondents.

SANDERSON, C. J.—This is an action of ejectment brought upon an execution title. The case was tried by the court without the intervention of a jury. The judgment was for the plaintiff, and thereupon the defendants moved for a new trial, which was denied. The appeal is taken from the judgment, and the order denying the motion for a new trial.

The premises in question were sold under execution against the defendant Harvey Dickinson and purchased by the plaintiff, who, in due course of law, obtained a deed therefor from the sheriff by whom they were sold. At the time of the levy and sale the property stood in the name of M. N. Cowen, who, as the plaintiff alleges, was the wife of Harvey Dickinson, which, however, is denied by the other side. The plaintiff claims that the property is the common property of both, and therefore liable to be taken in execution for the husband's debts. The defendants claim that the property is the separate estate of M. N. Cowen, alias Dickinson. M. N. Cowen also interposes a claim of homestead. The principal question at the trial was as to whether the defendants Dickinson and M. N. Cowen Dickinson were husband and wife. In support of the allegation that they were such the plaintiff offered proof of cohabitation and reputation and a judgment-roll in a certain action brought by them as husband and wife, some time prior to the present action, and two affidavits made in said action, one of them by Dickinson, and the other by M. N. Cowen Dickinson, in which each swears that they are married. To contradict this evidence the defendants offered themselves as witnesses, and were allowed by the court to testify in the case under the exception of the plaintiff. Each swore that they were not and never were married, thus convicting themselves of perjury at the time they made the affidavits above mentioned. Upon the point of marriage the language of the affidavit of Dickinson is as follows: "And deponent further says, that in the year 1850, in the city of San Francisco, he became by marriage the lawful husband of said Margaret Dickinson and that he has ever since continued her husband, and that he, this deponent, and said plaintiff Margaret Dickinson have ever since their said marriage lived together as husband and wife." It is stipulated in the record that the affidavit of M. N. Cowen Dickinson is to the same effect. Such witnesses are unworthy of belief, and it

is a matter of surprise that they were allowed to stand in the presence of the court and shamelessly convict themselves of willful perjury, from the consequences of which they are only shielded by the statute of limitations. They should have been ordered from the witness-stand polluted by their presence. The court found that they were married and the finding was right.

These witnesses were also relied upon to prove that the property in question was the separate property of M. N. Cowen Dickinson and that it was also her homestead. We are not surprised that the court found both propositions against them. Falsus in uno falsus in omnibus.

Judgment affirmed.

:We concur: Sawyer, J.; Currey, J.; Shafter. J.; Rhodes, J.